## In re PERFETTO.

### Appeal of PEARSON BRICK CO.

(Circuit Court of Appeals, Third Circuit.   December 12, 1923.)

No. 3084.

Bankruptcy ⊙—192—Referee has no power to scale down mechanic's lien preference by prorating judgment.

The preference that Mechanic's Lien Act Pa. June 4, 1901, § 13 (P. L. 431; Pa. St. 1920, § 14649), gives to mechanics' liens could not be scaled down by referee in bankruptcy, on the theory of supposed equity, by prorating subsequent judgments with the mechanics' liens.

Appeal from the District Court of the United States for the Western District of Pennsylvania; Frederic P. Schoonmaker, Judge.

In the matter of ·the estate of Anthony Perfetto, bankrupt.   Petition by Pearson Brick Company, as against Johnson, Sizer & Co. and others, to review a referee's decree.   From the judgment, petitioner appeals.   Decree affirmed.

Louis J. Wiesen and Roy Neville, both of Sharon, Pa., for appellant.
C. E. Brockway and Ira B. McNeal, both of Sharon, Pa., for appellees.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge.   This case involves the question of priority of disputed lien date upon real estate of a series of judgments on the one hand, and a series of mechanics' liens on the other. On distribution by the court of bankruptcy of the funds arising from the sale of two pieces of realty, the referee awarded parity of lien to both judgments and mechanics' lien; the court reversed the referee and awarded priority to the mechanics' liens.   Thereupon the judgment creditors took this appeal.

A study of the case satisfies us that in the last analysis the settlement of the legal controversy involved largely turned on a fact question, namely, was there a continuity of building operation from its start, which would carry the mechanics' lien back to such starting date, or was there an abandonment of such building operation and a beginning again at a later date, to which latter the mechanic's lien dated back.   In this regard the referee and the court found there had been no abandonment, the latter saying:

"The referee has found, as a matter of fact, that there was no abandonment of work.   There is ample evidence in the record to sustain this finding."

We find nothing in the record to warrant our setting aside findings by both referee and court.   The Pennsylvania Mechanics' Lien Act of June 4, 1901, § 13 (P. L. 431; Pa. St. 1920, § 14649), provides that in operations such as this "the lien of the claim shall take effect as of the date of the visible commencement, upon the ground, of the work of building the structure or other improvement," and awarding

⊙—For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

it that date the mechanics' liens antedate the appellants' judgments, and consequently the corresponding preference which the statute gives a mechanics' lien over subsequent judgment creditors. This statutory preference the referee had no power, on the theory of supposed equity, to scale down by prorating judgments with the mechanics' liens.

Without entering upon a discussion of other questions, we restrict ourselves to saying they have all been considered, and, finding no error involved, the decree below is affirmed.